DANIEL L. GOLD, Administrator, etc., *et al.*,

*v.*

THOMAS BAILEY.

1. CHANCERY — *where there are laches in not defending at law.* Where it appears that a full and complete defense might have been interposed at law, a court of equity will not relieve.

2. SAME. So, when a judgment is obtained against an administrator, equity will not interfere to relieve against it at the suit of an heir of the deceased, it appearing by the bill, that the grounds upon which impeachment of the judgment was sought constituted a good defense, and might have been interposed in the suit at law, and no fraud or collusion in obtaining it was alleged against the administrator.

3. ADMINISTRATOR — *judgment against binds the personal estate.* In such case, in the absence of fraud, the judgment binds the personal estate.

4. SAME — *neglect of* — *sureties liable.* And, if the administrator has been guilty of *laches* in not defending the suit at law, the remedy is on his bond. It will not be required of persons holding claims against an estate, to litigate them first with the representative of the deceased, and afterward with the heirs in like manner, without alleging fraud or collusion on the part of the administrator.

5. SAME — *administrator sole representative of personal estate.* An administrator or an executor, so long as he retains his office, is the sole representative of the personal estate of the deceased.

WRIT OF ERROR to the Circuit Court of Lawrence county; the Hon. JUSTIN HARLAN, Judge, presiding.

The facts in this case are sufficiently stated in the opinion of the court.

Messrs. McCLERNARD, BROADWELL & SPRINGER, for the plaintiffs in error.

Mr. J. G. BOWMAN, for the defendant in error.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

This was a bill in chancery filed by one of the heirs of Thomas Bailey, deceased, against the administrator and heirs of J. C. Riley, deceased, to enjoin the collection of a judgment obtained in the Circuit Court by the administrator of Riley against the administrator of Bailey, and directed to be paid in due course of administration. The sole ground upon which relief is sought is, that in February, 1848, some years before the commencement of the proceedings in which the judgment was recovered, and while Bailey was still living, the heirs of Riley executed to him a release of all claims, including those upon which the judgment in controversy was recovered. There is a further averment that the heirs of Riley have the sole interest in the judgment as distributees, the proceeds not being required to pay debts.

The case was heard on bill, answer, replication and proofs, and the court made the injunction perpetual.

The proof tends to show that the release of the 14th of February, which is the only one which covers all claims against

Bailey, was fraudulently obtained. But we waive that question, as there is another objection to this decree that is clearly fatal. There is no attempt to show, either by bill or proofs, why this release was not interposed as a defense on the trial of the suit at law. It is not claimed that the administrator of Bailey had no knowledge of the release during the pendency of that suit, and there is no explanation of any kind offered for this *laches.* If parties have a defense available at law, as in this instance, they cannot invoke the aid of a court of chancery in order to secure its benefit. They have already had their day in court. Against such *laches* the courts will give no relief. This is so familiar a principle of chancery as hardly to need the citation of authorities. *Armstrong* v. *Caldwell,* 2 Scam. 419 ; *Elston* v. *Blanchard,* id. 421.

This bill, it is true, is filed by one of the heirs of Bailey, and not by his administrator. But the judgment was duly obtained against the administrator, who was the legal representative of the deceased, and it is not alleged that he acted fraudulently or collusively. That judgment binds the personal estate, in the absence of fraud. If the administrator has been delinquent in his duties, the heirs have their remedy on his bond, but the practice can not be tolerated of compelling persons holding claims against estates to litigate them, first with the administrator, and then with the heirs, upon the same point or points which might have been investigated in the first case. This would lead to endless confusion. The administrator is the sole representative of the personal estate, and relief is not sought here on the ground that he is seeking to subject the real estate to the payment of debts, or that it will be necessary to do so. Should he file a bill for that purpose, the heirs, as decided in *Hopkins* v. *McCann,* 19 Ill. 113, and *Stone* v. *Wood,* 16 id. 177, can contest this judgment and set up the release. But there is nothing whatever in this bill to justify this application to the court by the complainant as one of the heirs. It does not appear that the part of the estate which descended to him is, or will be, affected by this judgment. If we were to sanction this proceeding, it would follow, that, whenever a claim is

allowed against an estate, an heir would have the right at once to file a bill for the purpose of relitigating it, though not averring fraud or collusion on the part of the administrator. So long as an executor or administrator retains his office, he must be recognized as the sole representative of the deceased, both as to debts and assets.

It is said Bailey and Riley were partners, and the County Court where the suit was commenced, in which the judgment was obtained, had no jurisdiction in matters of partnership. It was not, perhaps, the most appropriate tribunal for adjusting partnership accounts ; but the mere fact that a partnership had once existed, does not render void a judgment obtained by the administrator of one partner against the administrator of the other. If the defendant chose to submit to the jurisdiction, we can not deny the power of the court to pronounce a judgment for the balance it might find due. But on this point it is sufficient to say, the bill does not seek relief on this ground, but solely on account of the release. The decree must be reversed and the cause remanded.

*Decree reversed.*