106   315
30a  124
106   315
37a  580
106   315
142   490
106     315
113a ᵇ  88

JOANNA E. WALLACE, EX'X.

*v.*

ALFRED GATCHELL.

*Filed at Springfield March 29, 1883.*

1.   ADMINISTRATION OF ESTATES—*exhibiting a claim—what so regarded—to prevent the two years' limitation.*   The filing of a copy of a claim against an estate with the clerk of the county court within two years after the grant of letters of administration, is an exhibition of such claim to the county court so as to take the case out of the Limitation law of two years, although no summons or notice is issued or given to the executor or administrator within that period, and the creditor in such case will not be restricted to subsequently discovered or non-inventoried assets for its payment, although allowed after the expiration of the two years.

2.   SAME—*when notice should be given to personal representative—and of its purpose.*   The county court has the power or jurisdiction to receive claims presented for adjustment, without notice or summons to the administrator of the estate.   When such a claim is filed after the adjustment term appointed by the administrator, the purpose of the issuing and service of summons on him is to notify him that such claim has already been exhibited, and also to give the court jurisdiction of the person of the administrator, and authorize it to adjudicate the claim.

3.   SAME—*costs as to claim not presented on adjustment day.*   Where a claim is exhibited against an estate after the time fixed by the administrator for the presentation of claims, the claimant will be liable for all the costs in the county court that might have been avoided by presenting the claim at the adjustment term, which will include at least the costs of the issuing and service and return of the summons against the administrator.

4.   SAME—*county court always open for probate business.*   By an express provision of the statute county courts are always open for probate

purposes, which includes the presentation or exhibiting of claims against estates.

5. PRACTICE—*time to make objection—permitting error to intervene.* A party has no right to sit by and permit a judgment to be entered up against him which is erroneous in some trifling respect, not affecting the merits of the matter in controversy, without calling the attention of the court to it; and if he does, he can not avail of such error in a court of review. But the rule is different if the error affects the merits of the controversy.

6. If an administrator, on appeal from an order allowing a claim against the estate he represents, appears and contests the allowance in the circuit court on the merits, and there makes no objection as to the judgment for all costs against the estate, as, when the claim had not been presented at the proper adjustment term of the county court, the error in the judgment as to the costs will be regarded as waived when presented for the first time in a court of review.

APPEAL from the Appellate Court for the Third District;— heard in that court on appeal from the Circuit Court of Adams county; the Hon. JOHN H. WILLIAMS, Judge, presiding.

Messrs. MARSH & McFADON, for the appellant:

By the law of administration in force up to July 1, 1872, two distinct steps were necessary to get a claim before the court itself. The first had for its object the saving of the two years Statute of Limitations, and consisted in exhibiting a claim against an estate in some one of several ways permitted by law. (Rev. Stat. 1845, p. 561, "Wills," secs. 115, ,116.) By the second step, a claim exhibited against an estate within two years was to be brought before the court, or, as the statute has it, "presented to the court." This was done by the claimant giving ten days' notice to the executor of the trial day, and that day might or might not happen within the two years. Rev. Stat. 1845, p. 561, sec. 118.

The law of July 1, 1872, requires a claimant to take both these steps within the two years. The claim must be "exhibited to the court" within two years. The word "exhibited" means "presented," and it can not be asserted that a claim

is presented to the court until notice has been given to the executor by a summons served on him. Rev. Stat. 1874, "Administration," secs. 61, 71.

We insist that the issuing of the summons is the commencement of the suit as in other cases, (*Darling* v. *McDonald*, 101 Ill. 381,) and that summons must issue within two years to entitle the claimant to share in the estate inventoried. *Hales et al.* v. *Holland*, 92 Ill. 500. See, also, *Wernse* v. *Hall*, 101 Ill. 428, construing the Missouri statute.

The Appellate Court erred in its judgment as to costs of that court. *Dye* v. *Noel*, 85 Ill. 290; *Russell* v. *Hubbard*, 59 id. 339.

Messrs. DAVIS & POLING, for the appellee:

The filing of a copy of the claim with the clerk of the county court within two years from the issuing of letters to the executor or administrator, followed by an adjudication of the claim, is a sufficient exhibiting of the same to prevent the running of the two years' limitation. Rev. Stat. 1874, chap. 3, secs. 61, 70.

In support of this view we refer to the following cases: *Wells* v. *Miller*, 45 Ill. 33; *Mason* v. *Tiffany*, id. 392; *Miller* v. *Miller*, 82 id. 463; *Blanchard* v. *Williamson*, 70 id. 647; *Darling et al.* v. *McDonald*, 101 id. 370.

Mr. JUSTICE MULKEY delivered the opinion of the Court:

On the 21st of September, 1878, letters testamentary were issued out of the Adams county court to Joanna E. Wallace, the appellant, on the estate of Joel Rice, deceased, and she thereupon assumed the duties and office of executrix. Within six months from the date of her letters she appointed a term of the county court for the presentation and adjustment of claims against the estate, and gave due notice thereof, as required by statute. The claim of appellee, hereinafter

stated, was not presented for allowance at the term of the court thus fixed by her.

On the 14th of September, 1880, less than two years from the date of letters, Alfred Gatchell, the appellee, filed with the clerk of said court a claim against said estate for the sum of $1416.10, the justness of which is not questioned. No notice or summons, however, was issued to the executrix on this claim until the first day of June, 1881, being more than two years from date of letters; nor did she at any time waive the issuing of summons or notice on said claim. On this state of facts the county court allowed the claim as a seventh class claim, "*to be paid out of non-inventoried estate.*" From this order appellee appealed to the circuit court of Adams county, where, upon a rehearing of the cause, the claim was ordered to be paid as a seventh class claim *in due course of administration,* and this order, on the executrix's appeal, was affirmed by the Appellate Court for the Third District, and she brings the case to this court by further appeal.

It will be seen, from this brief statement, that the vital question involved in the present controversy is, whether this claim should have been ordered to be paid, as it was, as a seventh class claim *in due course of administration,* or whether its payment should have been limited to subsequently discovered or non-inventoried assets.

By section 70, of the Revised Statutes of 1874, all claims against the estate of a deceased person are required to be "exhibited to the court" within two years from the granting of letters, and all demands not so exhibited within that period are declared forever barred, "unless the creditors shall find other estate of the deceased not inventoried or accounted for by the executor or administrator, in which case their claims shall be paid *pro rata* out of such subsequently discovered estate," etc. The ultimate question to be determined in this case then is, was the claim in controversy, in the sense of the

statute, "exhibited to the court" within two years from the grant of letters? The answer to this question of course depends upon what constitutes the exhibiting of a claim to the court within the meaning of the statute. Appellee insists that the filing of a copy of the claim with the clerk of the county court within the two years, as was done in this case, is all that the statute requires to take a case out of the limitation of two years, and that it is no objection that the actual adjustment or allowance of it, or that the issuing of notice thereon occurred afterwards, and in this view of the matter we concur. Counsel for appellant, however, contend that the creditor must, in addition to the filing of the claim with the clerk, sue out a summons against the executor or administrator, and that such summons must be served before the court is clothed with jurisdiction to consider the claim, and that until the court thus acquires jurisdiction of the cause there can be no such a thing as the exhibiting of a claim to the court. We are unable to perceive anything in the statute or the previous decisions of this court bearing on the question that warrants this view. The exhibiting of a claim to the court we understand to be nothing more than the formal presentation of it in the court for allowance, which is done by filing the same with the clerk of the court, and this may be done in vacation as well as in term time. By an express provision of the statute county courts are always open for probate purposes, including the presentation or exhibiting of claims against estates.

The issuing and service of process upon the filing of a claim against an estate is not for the purpose of conferring power or jurisdiction upon the court to have a claim presented or exhibited to it for allowance, as is supposed, but, on the contrary, to notify the executor or administrator that such a claim has already been exhibited or presented, and also to give the court jurisdiction of the person of the executor or administrator, and to authorize it to adjudicate the claim.

The presentation of a claim for adjustment, and the actual adjudication of such claim, are two very different things. The court is always open for the one, but not for the other. The exhibiting or presentation of a claim to the court gives the court jurisdiction of that particular claim, and sets the court in motion. If the executor or administrator is present, and it is general adjustment term, the court may proceed at once to adjudicate the claim, but if the time of general adjustment has already passed, and the executor or administrator will not waive the issuing of a summons and submit to the jurisdiction of the court, the requisite summons must be issued and served before the court will be authorized to proceed to an adjudication. The position that the presentation of a claim, and causing the same to be filed in the county court for allowance, is, within the meaning of the statute, a sufficient exhibiting of it to the court, is fortified by the reasoning of the court in *Barbero* v. *Thurman, Admr.* 49 Ill. 284.

It is further objected that the circuit court erred in taxing appellant with the costs in the county court. It is clear this objection is well taken as to all costs in that court which might and would have been avoided by presenting the claim at the adjustment term, which would include, at least, the costs of the issuing, service and return of the summons; but we do not think, under the circumstances, the case ought to be reversed for that reason. An examination of the record shows that appellant was present by her counsel, and contested this claim in the circuit court, and that the objection now urged was made for the first time in the Appellate Court. Had she moved for an apportionment of the costs, or in some manner called the attention of the court to the matter, the error now complained of would doubtless have been avoided. A party has no right to sit by and permit a judgment to be entered up against him, which is erroneous in some trifling respect not affecting the matter in controversy, as in the present case, without even so much as calling the

attention of the court to it, and then afterwards avail himself of such error in a court of review, and thereby deprive his adversary of the entire fruits of the litigation. If the error complained of affected the merits of the controversy, which it clearly does not, the case would be altogether different. Under the circumstances, we think the error should be regarded as waived.

The conclusion reached by the circuit and Appellate courts being in conformity with the views here expressed, the judgment must be affirmed.

*Judgment affirmed.*

Mr. Justice Craig, dissenting.