# PHOENIX INSURANCE CO.

## V.

## JOHN GUDERYAHN, Ex'r, etc.

1. ADMINISTRATION—FILING CLAIMS—TWO YEARS LIMITATION.—Filing a claim against an estate in the probate court with the clerk thereof, within two years after the grant of letters of administration, is an exhibition of the claim to the court so as to take the claim out of the limitation of two years in § 70 of Chap. 3 of the R. S., and if the claim has been so filed, the claimant may, after the expiration of two years, summon the administrator, and if the claim is allowed, have it paid in due course of administration.

2. DISMISSAL OF CLAIM.—A dismissal of a claim on call because the claimant does not appear, determines nothing as to the justice of the claim and can not be a bar to an adjudication of the claim, when newly presented and the effect of a dismissal is the same whether it occurs before or after the expiration of the two years.

APPEAL from the Circuit Court of Cook county; the Hon. JOHN G. ROGERS, Judge, presiding. Opinion filed August 6, 1886.

Appellant filed in the Probate Court of Cook county a claim against the estate of Frederick W. Guderyahn, deceased, on March 12, 1881, at the adjudication term. The claim was placed on the claim calendar, and was continued from term to term until February 9, 1885, after the expiration of more than two years from the issuing of letters testamentary, when it was called and dismissed for want of prosecution, claimant not appearing. After the expiration of the term at which the claim was dismissed, the claimant, learning of the dismissal, sued out a summons against the executor on the claim, which was duly served.

On the hearing in the probate court the claim was disallowed and an appeal was taken to the circuit court, where, on trial before the court, it was allowed for the sum of $1,427.27 to be paid out of other estate not inventoried or accounted for by the executor, as a claim not exhibited to the court

within two years from the time of the grant of letters, and not to be paid in due course of administration. Appellant submitted to the court upon the trial, propositions in writing to be held by the court, in substance, that a claim against the estate of a deceased person is duly exhibited to the court, if filed in writing in the probate court, within two years from the granting of letters, and is entitled to be allowed in due course of administration notwithstanding its dismissal out of court, after the lapse of two years from the date of granting letters, if it is filed again or suit brought thereon before the bar of the general statute runs against it.

Also that the dismissal of a claim duly filed against the estate for want of prosecution, is in effect an involuntary non-suit within the meaning and intendment of Section 25, Chapter 83, R. S., and claimant is entitled, under said section, to commence a new action on said claim in said probate court or other court of competent jurisdiction, within one year after such dismissal, and that in that event, the limitation of two years (Section 70, Chapter 3, R. S.) is not a bar.

The court refused to hold the law as stated in the propositions, but gave judgment as above set out, and the case is brought here on appeal by claimant.

Mr. JOHN S. MILLER, for appellant; cited Wallace v. Gatchell, 106 Ill. 319 ; Wells v. Miller, 45 Ill. 33 ; Mason v. Tiffany, 45 Ill. 382.

Mr. JESSE HOLDOM and Mr. DANIEL J. AVERY, for appellee; cited Reitzell v. Miller, 25 Ill. 53; Shephard v. Rhodes, 60 Ill. 301 ; Blanchard v. Williamson, 70 Ill. 647.

MORAN, J. The only question presented is, does the two years' limitation, prescribed by Sec. 70 of Chap. 3 of the R. S., bar the claim under the circumstances shown by the record. It has been expressly decided by the Supreme Court that filing a claim against an estate, in the probate court, with the clerk thereof, within two years after the grant of letters of administration, is an exhibition of the claim to the court,

so as to take the claim out of the limitation of two years in Sec. 70, above referred to, and that if the claim has been so filed the claimant may, after the expiration of two years, summon the administrator, and if the claim is allowed, have it paid in due course of administration.    Wallace, Ex'or, v. Gatchell, 106 Ill. 315.

The presentation of the claim to the court and the filing thereof was, then, a sufficient exhibition of the claim to the court to take it out of the two years statute.    We presume it would not be contended, that if the claim had been called and dismissed at any time within the two years from the issuing of letters, it might not be filed again before the expiration of the two years, and adjudicated and ordered paid in due course. A dismissal of a claim on call because the claimant does not appear, determines nothing as to the justice of the claim, and can not be a bar to an adjudication of the claim when newly presented, and the effect of the dismissal is precisely the same whether it occurs before or after the expiration of the two years.    We are clearly of the opinion that the circuit court, having found the claim valid, erred in directing it to be paid out of assets not mentioned or accounted for by the executor, and the case will be reversed and remanded to the circuit court for a new trial.

Reversed and remanded.