ELIZABETH DURHAM ET AL.

v.

ANNA WARD FIELD.

*Administration—Bill to Set Aside Judgment of Probate Court— Adequate Remedy at Law—Jurisdiction.*

1. A bill will not lie to set aside a judgment of the Probate Court allowing a claim against an estate, on the ground that the claimants suppressed the fact that the claim was barred by the statute of limitations and released by a discharge in bankruptcy.

2. A legatee can acquire no title to any part of the personal estate except through legal proceedings, or the voluntary assent of the executor.

3. In the case presented, even if the Probate Court proceeded without jurisdiction, which will not be presumed, the executrix has an adequate remedy at law by writ of *certiorari*.

[Opinion filed January 16, 1889.]

APPEAL from the Superior Court of Cook County; the Hon. EGBERT JAMIESON, Judge, presiding.

Messrs. BLANKE & CHYTRAUS, for appellants.

Messrs. JOSEPH A. SLEEPER and FREDERIC ULLMANN, for appellee.

GARY, J.   This was a bill filed by appellee, residuary legatee under the will of her father, Lucius C. Fisher, to set aside the judgment of the Probate Court of Cook County allowing against the estate of said Fisher a claim of Mrs. Durham.

It is apparent that there were valid legal defenses to the claim, but not equitable, except that as Fisher was a surety only, there is no equity binding him or his estate further than the legal obligation extends.   There is no fraud charged upon the executrix, and the only allegation of fraud against the appellants is that they knowingly suppressed the fact that the claim was barred by the statute of limitations and released by a discharge of Fisher in bankruptcy. ˙Gold v. Bailey, 44 Ill. 491, is conclusive that equity will not relieve upon any such grounds, but that legatees are left to their remedy against the executrix, if she has neglected her duty.

There is no authority for ˙the distinction the appellee attempts to make between legatees and distributees.   The whole personal estate devolved upon the executrix, and the appellee could get no title to any part of it but through the

assent of the executrix, voluntarily given or enforced by legal proceedings. Sec. 116, Chap. 3, R. S. 1872; Williams on Ex'rs, 1372, *et seq.*

When, indeed, the personal representative applies to the court for leave to sell real estate for the payment of debts, on account of deficiency of the personal, then the heirs or devisees may question the validity of such debts, although allowed in the Probate Court against the estate. Stone v. Wood, 16 Ill. 177; Hawkins v. McCann, 19 Ill. 113; Moline v. Webster, 26 Ill. 233; Higgins v. Curtis, 82 Ill. 28. And this is analogous to the rule in equity that " although where a decree is capable of being executed by the ordinary process and forms of the court, whatever the iniquity of the decree may be, yet, till it is reversed, the court is bound to assist it with the utmost process the course of the court will bear. But where the common process of the court will not serve, and things come to be in such a state and condition after a decree is made that it requires an original bill and a second decree upon that before the first decree can be executed—if the first decree is unjust—then this court desires to be excused in making its own act and to build upon such foundations, and charging its own conscience with promoting an apparent injustice; and that obliges the court to examine the grounds of the first decree before it makes the same decree again." Quoted from 2 Dan. Ch. P. 1614, and approved in Wadhams v. Gay, 73 Ill. 415.

With regard to this case of Wadhams v. Gay, I wish to say, for my own sake, that there were several of these "Gay" cases pending in the Superior Court at the time of the Chicago fire in 1871, of which the one cited had then been heard by the then chancellor of the court and an opinion given, but no decree entered when the fire came and destroyed the records of the court. There was considerable delay in restoring them, but in 1872 another of those cases came to hearing before me, and I decided against Mrs. Gay upon the same grounds that the Supreme Court did in the case cited, excepting only what there specially relates to Engle and Day. In deference, however, to my predecessor, I entered the decree in the case cited in accordance with his decision of it, but my

own adverse opinion went to the Supreme Court with the record, so that while the report credits me with the error, in fact I applied in terms the rule quoted from Daniels for the first time in America.

It is not easy to frame an excuse for thus interpolating matter personal to myself, but the Supreme Court, through more than sixty volumes of the Illinois Reports, have been correcting my errors of the last twenty-five years, and the account of those properly chargeable to me is large enough.

The principle of the quotation seems not to apply on the law side of the court, for an erroneous and unjust judgment against a municipal corporation may be enforced by a *mandamus.* Town of Lyons v. Cooledge, 89 Ill. 529.

If, as appellee argues, the Probate Court proceeded without jurisdiction, there is, notwithstanding the lapse of time, an adequate remedy at law, by the common law writ of *certiorari,* if not by a writ of error. Bowers v. Green, 1 Scam. 42; Sloo v. State Bank, 1 Scam. 428; Holden v. Herkimer, 53 Ill. 258; Hobson v. Paine, 40 Ill. 25; People v. Wilkinson, 13 Ill. 660; Doolittle v. G. & C. U. R. R. Co., 14 Ill. 381; C. & R. I. R. R. Co. v. Whipple, 22 Ill. 105. The remedy at law being complete, equity will not interfere. Palmer v. Gardiner, 77 Ill. 143; Lang v. Barker, 85 Ill. 431.

These views make it unnecessary to examine whether the Probate Court had jurisdiction, but all intendments are in favor of its proceedings. Housh v. People, 66 Ill. 178; Propst v. Meadows, 13 Ill. 157.

If the question of jurisdiction could be raised here, it would therefore first be necessary that the allegations of the bill should negative every mode by which it could exist. Many modes may be imagined not inconsistent with the allegations of the bill, by which the Probate Court may have retained the jurisdiction that it acquired by the filing of the claim with the clerk. McCall v. Lee, 120 Ill. 261; Wallace v. Gatchell, 106 Ill. 315; Housh v. People, 66 Ill. 178; Barbero v. Thurman, 49 Ill. 283; Phoenix Ins. Co. v. Guderyahn, 20 Ill. App. 161.

The demurrer to the bill of the appellee should have been sustained, and therefore the decree is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

*Reversed and remanded.*