## Morgan Hastings Co. v. Gray Dental Co.

1. JUDGMENT—*Order Striking a Cause from the Docket is Not.*—An order striking a cause from the docket is not a final judgment, neither are orders denying motions to have such an order set aside and to reinstate the cause on the trial calendar.

2. SAME—*What a Final Judgment Must Show.*—The form of a final judgment is immaterial, but in substance it must show distinctly and not inferentially that the matters in the record have been finally disposed of in favor of one of the litigants, or that the rights of the parties in litigation have been finally adjusted.

3. WORDS AND PHRASES—*Docket Defined.*—The word "docket," as commonly used, is a name given to a book in which is put down an abstract minute or memoranda of orders of court made from time to time during the day.

4. SAME—*Trial Docket Defined.*—The term "trial docket" is the name given to a book containing cases which are liable to be tried at a specified term of the court.

Assumpsit,—Error to the Circuit Court of Cook County; the Hon. OLIVER H. HORTON, Judge presiding. Heard in the Branch Appellate Court at the March term, 1902. Dismissed. Opinion filed May 19, 1903.

THORNTON & CHANCELLOR, attorneys for plaintiff in error.

MATZ, FISHER & BOYDEN, attorneys for defendant in error.

MR. PRESIDING JUSTICE WATERMAN delivered the opinion of the court.

Plaintiff in error obtained a judgment in assumpsit against the defendant in error before a justice of the peace of Cook county. From this judgment defendant in error appealed to the Circuit Court by filing its appeal bond with the clerk of said court on the 21st day of August, 1899.

It does not appear from the record that any summons was issued out of the Circuit Court, nor that the plaintiff in error entered its appearance in said cause, until after the order striking the cause from the docket was entered. November 15, 1901, the court ordered "that this cause be and the same is hereby stricken from the docket of this court without leave to reinstate."

At the next term of the court, December 16, 1901, plaint-

Morgan Hastings Co. v. Gray Dental Co.

iff in error entered its appearance and asked to have the order striking the cause from the docket set aside and the cause placed upon the trial calendar. The court denied each of these motions of plaintiff in error, whereupon it prayed and was allowed an appeal to this court. The cause is brought here by writ of error. The order striking the cause from the docket was not a final judgment; nor were either of the orders made at the subsequent term final orders. The form of a final judgment is immaterial, but in substance it must show distinctly and not inferentially that the matters in the record have been finally disposed of in favor of one of the litigants, or that the rights of the parties in litigation have been finally adjudicated. Black on Judgments, Vol. 1, Sections 24 and 21; Scott v. Burton, 6 Texas, 322.

Docket, as commonly used, is a name given to a book in which is put down an abstract, minute or memoranda of orders of court made from time to time during the day.

Trial docket is a name given to a book containing cases which are liable to be tried at a specified term of the court. The cause under consideration was not, at the time it was stricken from the docket, in a condition to be tried. If the court reached it upon a trial call, it very properly struck it from the docket. The words " without leave to reinstate " added to the order, gave it no additional force, unless there were some rule of court by which, without such words, it would be re-instated upon the docket upon mere application.

The rule as to the re-instatement of causes stricken from the docket set forth in the brief of defendant in error can not be considered by us, because such rule has not been brought to our notice by a proper bill of exceptions. No final order appears to have been entered in this cause; it is therefore apparently standing subject to being re-instated upon the docket upon compliance with the rules of the Circuit Court in this regard, and for trial when reached.

No court can refuse to give to a litigant an opportunity for trial in accordance with its rules and the law of the

land; nor can a court deprive a party of the right to appeal or prosecute a writ of error from its judgment by refusing to enter a final order.

The suit of the plaintiff in error has not been suspended by the action of the Circuit Court, so that the plaintiff in error can neither obtain the benefit of its judgment before a justice of the peace, nor have the appeal taken therefrom finally disposed of.

The writ of error to this court is dismissed.