CHICAGO—FIRST DISTRICT—OCTOBER, 1913.     31

Tisdale v. Davis and Rankin B. & Mfg. Co., 182 Ill. App. 31.

## E. G. Tisdale et al., Appellants, v. Davis and Rankin Building & Manufacturing Company et al., Defendants. (Maud R. Davis, Administratrix, Appellee.)

### Gen. No. 18,396.

1. JUDGMENT, § 49*—*form of.* Litigants are not entitled to any particular form of a judgment order other than that which sufficiently expresses the judgment of the court.

2. JUDGMENT, § 269*—*when motion to change form of, should be denied.* A motion to change the form of a judgment should be denied when no convincing reason is pointed out for making the change.

Appeal from the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1912. Affirmed. Opinion filed October 9, 1913. Rehearing denied October 23, 1913.

BOYLE, MOTT & HAIGHT, for appellants.

ALDEN, LATHAM & YOUNG, for appellee; CHARLES MARTIN, of counsel.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

On February 24, 1897, in the Circuit Court of Cook county, by his Honor, Judge Windes, in the case of E. G. Tisdale and O. D. Tisdale, Plaintiffs, v. Davis & Rankin Building & Manufacturing Company, Daniel J. Davis and William J. Davis, Defendants, a judgment was entered in the following form:

"Finding and assessment of damages on default heretofore entered against Daniel J. Davis and Davis and Rankin Building and Manufacturing Co., in sum of $10,750. Motion of defendant company for new trial overruled. Judgment on finding for $10,750 against Daniel J. Davis and Davis and Rankin Building & Mfg. Co., and order for *sci. fa.* vs. W. J. Davis. Leave to defendant Davis and Rankin Building & Mfg. Co., to file bill of exceptions in 60 days."

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.

Subsequently Daniel J. Davis died, and Maud R. Davis was appointed administratrix of his estate. On June 16, 1911, attorneys for the aforesaid plaintiffs moved the court to direct the clerk of the court "to extend of record in full and proper form as of the 24th day of February, 1897," the aforesaid judgment. A counter motion was made by Maud R. Davis, administratrix of the estate of Daniel J. Davis, to strike the name of Daniel J. Davis from said judgment order. These motions were heard by Judge Windes and denied. From the order denying these motions the plaintiffs have appealed to this court, and Maud R. Davis, administratrix, has assigned cross-errors.

It seems to be a fact that the clerk of the court entered the judgment in the usual expanded form but subsequently cancelled this and entered it in the form above set forth, which form it is claimed, and not denied, was drafted by the attorneys for the plaintiffs. It was approved under the signature of Judge Windes.

The gist of appellants' claim is that they are entitled to have the expanded form of the judgment entered of record. We are not referred to any authority for the proposition that litigants are entitled to any particular form of a judgment order other than that which sufficiently expresses the judgment of the court. If the judgment order herein is sufficient, there would be no reason for the trial court to grant the motion of appellants, and in the absence of anything to the contrary we must assume that to be the reason for the refusal of the court to allow the motion.

The appellants do not point out in what respect the judgment is insufficient, but in argument assume this is so, in which assumption appellee of course willingly joins. The sufficiency of the judgment is not questioned by any assignment of error.

Inspection of the judgment order above set forth does not disclose to this court the omission of any

element essential to its validity. As stated in Cyc., vol. 23, p. 670:

"According to the modern doctrine a judgment is to be tested by its substance rather than its form, and the form is not very material, provided that in substance it shows directly and not inferentially the judicial character of the act, the nature and scope of the adjudication, and its application to the controversy before the court."

And in *Morgan Hastings Co. v. Gray Dental Co.*, 108 Ill. App. 98, the Court said: "The form of a final judgment is immaterial, but in substance it must show distinctly and not inferentially that the matters in the record have been finally disposed of in favor of one of the litigants, or that the rights of the parties in litigation have been finally adjudicated."

No convincing reason appearing for changing the form of the judgment as prayed for, the refusal of the trial court to allow the motion was proper.

As to the counter motion to strike the name of Daniel J. Davis from the judgment, we must assume that Davis was properly in court at the time of the entry of the same, and that the trial court in refusing to allow this counter motion had this in mind.

The order of the court will be affirmed.

*Affirmed.*