In the Matter of the Estate of Daniel J. Davis, Deceased.

E. G. Tisdale and O. D. Tisdale, Appellants, v. Maud R. Davis, Administratrix of the Estate of Daniel J. Davis, Deceased, Appellee.

## Gen. No. 21,180.

1. COURTS, § 105*—*when Probate Court equitable jurisdiction to reinstate and allow claim.* Probate Court has equitable jurisdiction to enter order on oral motion reinstating and allowing a claim which was dismissed, and a formal bill in equity is not necessary for such purpose.

2. EXECUTORS AND ADMINISTRATORS, § 248*—*what constitutes sufficient exhibition of claim to prevent bar of statute of limitations.* Where claim in Probate Court is dismissed for want of prosecution, and after more than two years from the issuance of letters of administration, and a duplicate of such claim, the original having been lost, is filed by permission of the court, and although the administratrix was not served by summons but was otherwise notified and appeared in court, there was a sufficient exhibition of the claim to the court under Rev. St., ch. 3, sec. 70 (J. & A. ¶ 119), and it was not barred by the two years' limitation prescribed in such statute.

3. APPEAL AND ERROR, § 1725*—*when previous decision law of case.* Previous holding of Appellate Court in same subject-matter is law of the case on subsequent appeal.

4. APPEAL AND ERROR, § 1802*—*when case reversed without re-*

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

*manding.* Judgment will be entered in Appellate Court on reversed case where all facts are before the court, a jury waived, and no reason exists for remanding the cause.

Appeal from the Circuit Court of Cook county; the Hon. OSCAR E. HEARD, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1915. Reversed and judgment here. Opinion filed February 16, 1916. *Certiorari* denied by Supreme Court (making opinion final).

BOYLE & MOTT, for appellants.

ALDEN, LATHAM & YOUNG, for appellee; CHARLES MARTIN, of counsel.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

This is an appeal from a judgment entered in the Circuit Court of Cook county, November 23, 1914, dismissing a claim of appellants against appellee, after a hearing on the merits. The facts are these: February 24, 1897, a judgment was entered in the Circuit Court of Cook county in the following form:
"148704
    E. D. Tisdale and O. D. Tisdale    )
              vs.              )
Davis and Rankin Building and Manufactur- )   Case.
ing Company and Daniel J. Davis and Wil- )
liam J. Davis.                   )
"Finding and assessment of damages on default heretofore entered against Daniel J. Davis and Davis and Rankin Building and Manufacturing Co. in sum of $10,750. Motion of defendant company for new trial overruled. Judgment on finding for $10,750 against Daniel J. Davis and Davis and Rankin Building and Mfg. Co. and order for *sci fa vs. W. J. Davis.* Lv. to defendant Davis & R. B. & M. Co. to file bill of exceptions in 60 days."

Daniel J. Davis having subsequently died, his death was suggested of record, and it was ordered that the cause proceed against the appellee, and thereupon, November, 1911, appellants moved the court to direct the clerk of the court to correct the record made on February 24, 1897, and to enter in full and proper form, as of February 24, 1897, the judgment above mentioned. Appellee made a counter motion that the clerk be directed to correct the said judgment by striking out the name of Daniel J. Davis wherever it appeared and vacating the default theretofore entered against him. Both of these motions were denied. Appellants appealed to this court, and the administratrix assigned cross-errors. This court affirmed the orders of the Circuit Court (*Tisdale v. Davis and Rankin Bldg. & Mfg. Co.*, 182 Ill. App. 31). It appears that the judgment above mentioned was prepared by plaintiff's attorney and signed by the court. The clerk entered the judgment of record in the usual expanded form, but this was afterwards stricken out.

Daniel J. Davis died intestate January 19, 1911. Letters of administration were issued to appellee January 25, 1911, and on October 6, 1911, appellants filed their claim against his estate based on the judgment above mentioned. On June 24, 1912, the claim was dismissed for want of prosecution. The parties having been notified, appellants on December 9, 1913, moved the court to reinstate the claim. The matter was continued from time to time. February 3, 1914, the Probate Court found that the claim had been lost or mislaid, and leave was given to file a duplicate which was done instanter. May 20, 1914, the matter came on for hearing, affidavits were submitted, and the court, after arguments of counsel, found that the claim had been "dismissed by this court through mistake;" that no hearing upon the merits was had; that the claim was meritorious and should be heard; that it had been lost from the files, and a duplicate filed. The

order of dismissal was set aside and vacated, and the claim reinstated, heard upon its merits, and allowed for $20,005 as of the seventh class to be paid in due course of administration. Appellee appealed to the Circuit Court, where a jury was waived and the matter submitted to the court. Appellants submitted two propositions of law which they asked the court to hold: (1) That the Probate Court had jurisdiction of the subject-matter and of the parties when it allowed the claim; and (2) that the judgment entered February 24, 1897, in the Circuit Court was valid. The court held the first proposition but denied the second and disallowed the claim. This appeal followed. Appellee has assigned cross-errors.

The two questions before this court are: (1) Did the Probate Court have jurisdiction of the parties and of the subject-matter on May 20, 1914, when the claim was allowed; and (2) is the judgment entered February 24, 1897, a valid judgment?

We will dispose of these in the order named.

*First.* County and Probate Courts are courts of general and unlimited jurisdiction in matters of administration, and exercise an equitable jurisdiction adapted to their organization and modes of procedure, and in the exercise of such equitable jurisdiction may, on motion at a subsequent term, set aside an order allowing or disallowing a claim against an estate, where fraud or mistake has intervened. *Schlink v. Maxton,* 153 Ill. 447; *Sherman v. Whiteside,* 190 Ill. 576; *Heppe v. Szczepanski,* 209 Ill. 88; *Whittemore v. Coleman,* 239 Ill. 430; *Marshall v. Coleman,* 187 Ill. 569; *Domitski v. American Linseed Co.,* 221 Ill. 161; *Ford v. First Nat. Bank,* 201 Ill. 120. Appellee concedes that this is the law, but her position is as stated by her counsel: "It is not claimed that there was any fraud or mistake in the entry of the order of dismissal, such as a court of equity could relieve against, but a mere oral motion was made to vacate, without any showing as to

diligence or excuse for not appearing on the call of the docket. True, the draft order in the Probate Court states that the claim was dismissed by mistake, but no proof was made, and on the trial *de novo* in the Circuit Court no claim was even made that there was a mistake. Besides, proceedings similar to a bill in equity must be taken to set aside a judgment for mistake or fraud.'' The record shows that on the motion to reinstate the claim in the Probate Court, affidavits were filed and read. What these contained does not appear. The court, however, found that the claim was dismissed through mistake. In *Schlink v. Maxton, supra,* after the term had passed at which a claim was allowed against an estate, a motion was made to vacate and set aside the order of allowance. The motion was based upon affidavits. The court set aside the order. It was there also urged, as it is here, that after the term had passed at which an order was entered, allowing a claim, before the same could be vacated, a proceeding in the nature of a bill in equity must be had. The court there said (p. 453): ''It is urged that even if the county court, sitting as a court of probate, is invested with equitable jurisdiction, yet it has no power, at a subsequent term, to set aside its own order, judgment or decree except upon a formal bill filed for that specific purpose. We do not so understand the practice in the probate courts.'' Under the foregoing authorities, we are clearly of the opinion that the Probate Court had jurisdiction to enter the order allowing the claim.

In the case of *Phoenix Ins. Co. v. Guderyahn,* 20 Ill. App. 161, a claim was filed against an estate in the Probate Court of Cook county. After the expiration of more than two years from the issuance of letters, the claim was dismissed for want of prosecution. The claimant learned of the dismissal after the expiration of the term, refiled it and had a summons issued against

the executor. On hearing, the claim was disallowed, and appeal taken to the Circuit Court, where the claim was allowed, to be paid out of property not inventoried by the executor, as a claim not exhibited within two years from the date of the issuance of the letters. The claimant appealed to this court, Mr. Justice Moran, in delivering the opinion of the court, said that the only question presented was: ''Was the claim barred by the two years' limitation prescribed in Sec. 70, Chap. 3, R. S.,'' and continuing said: ''It has been expressly decided by the Supreme Court that filing a claim against an estate, in the Probate Court, with the clerk thereof, within two years after the grant of letters of administration, is an exhibition of the claim to the court, so as to take the claim out of the limitation of two years in Sec. 70, * * * and that if the claim has been so filed the claimant may, after the expiration of two years, summon the administrator, and if the claim is allowed, have it paid in due course of administration. *Wallace v. Gatchell,* 106 Ill. 315.

''The presentation of the claim to the court and the filing thereof was, then, a sufficient exhibition of the claim to the court to take it out of the two years' statute. We presume it would not be contended, that if the claim had been called and dismissed at any time within the two years from the issuing of letters, it might not be filed again before the expiration of the two years, and adjudicated and ordered paid in due course. A dismissal of a claim on call because the claimant does not appear, determines nothing as to the justice of the claim, and can not be a bar to an adjudication of the claim when newly presented, and the effect of the dismissal is precisely the same whether it occurs before or after the expiration of the two years.''

The only difference between that case and the case at bar is that there the claim was ''newly presented'' and a summons issued, while here a duplicate of the

claim was filed but no summons issued. Appellee, however, was notified and appeared in court and contested the claim. We think the principle in the two cases is the same.

*Second.* Appellants contend that the validity of the judgment upon which the claim is based has been determined by this court in the case of *Tisdale v. Davis and Rankin Bldg. & Mfg. Co., supra.* On the other hand, appellee's position is that the so-called judgment is in fact not a judgment, and that the opinion of this court wherein this question is mentioned is mere *dictum.* Mr. Justice McSurely, in delivering the opinion of the court, there said: "The gist of appellants' claim is that they are entitled to have the expanded form of the judgment entered of record. We are not referred to any authority for the proposition that litigants are entitled to any particular form of a judgment order other than that which sufficiently expresses the judgment of the court. If the judgment order herein is sufficient, there would be no reason for the trial court to grant the motion of appellants, and in the absence of anything to the contrary, we must assume that to be the reason for the refusal of the court to allow the motion. The appellants do not point out in what respect the judgment is insufficient, but in argument assume this is so, in which assumption appellee of course willingly joins. The sufficiency of the judgment is not questioned by any assignment of error. Inspection of the judgment order above set forth does not disclose to this court the omission of any element essential to its validity. * * * No convincing reason appearing for changing the form of the judgment as prayed for, the refusal of the trial court to allow the motion was proper."

The language above quoted is clear and unambiguous. It holds the judgment valid and, under the decisions of this court, establishes the law of the case.

(*Union Nat. Bank of Chicago v. Post,* 93 Ill. App. 339;
*Wilson v. Carlinville Nat. Bank,* 87 Ill. App. 364.)
This case must, therefore, be reversed, but as all the
facts are before this court, and as a jury was waived,
no reason exists for remanding the cause. A judg-
ment will, therefore, be entered in this court for the
amount due, which is $20,005, to which should be added
five per cent. interest from May 20, 1914, the date on
which the claim was allowed in the Probate Court, to
the date on which this judgment is entered.

*Judgment reversed and judgment in this court.*