GEORGE H. PITMAN *vs.* JAMES B. THORNTON *et al.*

Cumberland, 1876.—November 27, 1876.

*Equity.*

It is an essential element of a decree in a bill of equity to redeem a mortgage that the time of redemption be fixed.

When such a bill is referred to a referee, under a rule of court, he has the same power to fix the time of redemption in his original award, or by amendment thereof, upon its recommitment to him, that the court would have had without a reference.

The dismissal of a bill for redemption with costs, or any judgment or decree of the court upon its merits operates as a foreclosure of the mortgage; and the adjudication by a referee, that the mortgage shall be forever foreclosed upon neglect of the mortgageor to redeem at the time specified in his award, is unobjectional, as it only declares what would be the legal effect of his award if it were silent upon the question of foreclosure.

ON EXCEPTIONS, to the allowance of an amended award of referee. The exceptions to the order of recommitment are stated in 65 Maine, 95.

A BILL IN EQUITY, inserted in a writ of attachment, dated June 10, 1871, for the redemption of a mortgage described in the bill of complaint, was referred by rule of court at the January term, 1874. The referee at the April term, 1874, made report that the plaintiff was entitled to redeem the defendants' mortgage. On account of certain omissions, the bill and report were recommitted, and in May, 1876, the referee awarded as follows: "I award and determine that my award previously made, be amended by adding thereto as follows : if the plaintiff shall, for the space of fourteen days after the acceptance of this report and a decree of court therein signed, neglect to pay the sum above awarded, to entitle him to redeem the premises described in the defendants' mortgage then the plaintiff's bill is to be dismissed with costs of reference,

taxed at sixteen dollars and sixty-six cents, and costs of court to be taxed by the court, and said mortgage to stand forever foreclosed."

The defendant moved the acceptance of the report to which the plaintiff objected:

I. Because in making such amended report, the referee exceeded his jurisdiction.

II. Because such report, upon the face of it, is manifestly unreasonable, inequitable and unjust, and contrary to law and equity, and the manifest rights of the plaintiff.

The presiding justice overruled the objections, and accepted the report; and the plaintiff alleged exceptions.

*J. Howard, N. Cleaves & H. B. Cleaves*, for the plaintiff.

*A. A. Strout & G. F. Holmes*, for the defendants.

DICKERSON, J. It has been the uniform practice of courts of equity, in bills to redeem mortgages, to fix the time within which the mortgageor shall pay the mortgage debt, or the bill will be dismissed with costs. Such limitation is an essential element of the decretal order; without it the decree would not operate as a finality. The legal effect of the dismissal of such a bill with costs is a foreclosure of the mortgage though the decree is silent upon that subject. The court in Massachusetts recently held that no formal decree dismissing the bill with costs is necessary to operate as a foreclosure of the mortgage, but that all that is necessary is a decree or judgment which terminates the suit upon its merits. *Stevens* v. *Merrill*, 110 Mass. 57, 59. In that case the court say that "when a mortgageor obtains a decree of redemption his right is thereby defined, and no other or different right remains to him. It is the right of which he must avail himself, if he would redeem at all, and it is cut off when it expires by the terms of the decree." 2 Daniel's Chancery Prac. 998. 3 Daniel's Chancery Prac. 2222. *Borromscale* v. *Tuttle*, 5 Allen, 377. *Gerrish* v. *Black*, 109 Mass. 474. *Brown* v. *Simons*, 45 N. H. 211. 2 Hill Mort. 105.

It is clearly within the province of courts of equity having full equity jurisdiction, as this court now has, to render such a decree as substantial justice requires between the parties. By filing his

bill for redemption, the mortgageor invokes the aid of the court to enable him to determine and adjust the differences between him and his mortgagee. He declares that he desires to pay the mortgage debt, and thus relieve the mortgaged premises from the incumbrance. The court takes him at his word and ascertains the amount due, fixes the time when it must be paid, and the consequences of default of payment, to wit: expiration of the right of redemption, and a foreclosure of the mortgage. We do not perceive anything inequitable or unjust in such a decree. The action of the mortgageor subjects the mortgagee to expense in defending the bill; and he has rights to be regarded as well as the mortgageor. Both parties being in court either has a right to demand, and substantial justice requires, that the court should put an end to their controversy. To allow the time of redemption to remain open after default of payment as fixed by the decree would be to subject the mortgagee to the caprice of the mortgageor and compel an indefinite postponement of the controversy, which the mortgageor himself prayed to have determined by his bill.

By submitting their case to a referee the parties, under a rule of court, substituted him for the court, and he has the power to decide it upon the same principles, as the court have. The amendment of his previous award upon a re-commitment of it to him, fixing the time of redemption, as we have seen, was in accordance with the uniform practice in such cases, and necessary to give his award a finality over the subject matter referred to him; and his further amendment declaring the mortgage forever foreclosed upon the request of the mortgageor to redeem within a fixed time was simply a statement of what would have been the legal effect of such default, if the award had been silent upon that subject.

The other objection to the award, that the referee in fixing the amount to be paid by the mortgageor included the amount of certain improvements made by the mortgagee, does not seem to be well taken; as it appears that they were made in good faith and in the honest belief of the mortgagee that he was the absolute owner of the premises, as well as in some degree authorized by the acts and omissions of the opposing party. *Exceptions overruled.*

APPLETON, C. J., BARROWS, VIRGIN and LIBBEY, JJ., concurred.