UNION MUTUAL LIFE INSURANCE COMPANY

*v.*

WILLIAM J. SLEE.

*Filed at Ottawa May 19, 1884.*

1. MORTGAGE—*whether a deed absolute, or a mortgage.* The owner of city real estate, after making default of interest on a loan secured by trust deed on the same, turned over the possession of such property to his creditor, who, from that time, received the rents on the same; and after the advertisement of the premises for sale by the trustee, it was agreed that the creditor should bid in the same, and hold it in trust for the debtor until an account-

ing could be had, when, if the debtor was still owing the creditor anything, a new loan was to be made upon the property. The property was so purchased by the creditor, who shortly afterward caused a judgment by confession to be entered against the debtor for an alleged deficiency between the sum due on the loan and the amount of the bid, upon which an execution was issued, and levied upon other property of the debtor, which was also sold, and bought by such creditor: *Held*, that the trustee's deed to the creditor was in equity a mortgage, and that the debtor had the right to redeem.

2. AGENCY—*extent of agent's authority—of facts from which it may be inferred.* A debtor applied to an agent of his creditor for an extension of the time of payment or a renewal of the loan, the creditor being a non-resident corporation, and the agent a resident of the State, acting generally for the creditor as to loans in this State. At the first interview the agent stated to the debtor that he would communicate with the home office in regard to the proposition made, and afterward such agent, in another interview, said he was ready to enter into the arrangement that was thereupon made: *Held*, that from these facts the debtor might properly infer that the agent received the principal's sanction for entering into the arrangement he made, and that the debtor was justified in his reliance upon the agent's authority to make it.

3. INTEREST—*the rate not changed by a change in form of the security.* A mere change in the form of the security for a debt for money loaned will not operate to change the rate of interest to be paid from that reserved in the original contract. As, where the creditor bids off the property at a sale under a deed of trust which secures the debt, and agrees with the debtor to hold the title under the trustee's deed as a security until an accounting can be had as to rents received by the creditor and a new loan is made, which is not done, on a bill for an accounting and for redemption from the trust deed and the trustee's deed, the decree should require the complainant to pay the stipulated rate of interest provided for in the notes, up to the time of the redemption; and it is error to require the payment of six per cent only from the date of the trustee's deed, when a higher rate had been reserved in the original contract.

4. ALLEGATIONS AND DECREE—*relief confined to that sought by the frame of the bill.* On a bill filed to redeem property from a deed of trust, and a trustee's sale and deed thereof, by the payment of the sum found to be due the creditor on an accounting, the specific enforcement of an agreement to reduce the rate of interest can not be granted, that not being within the scope of the bill.

APPEAL from the Circuit Court of Cook county; the Hon. THOMAS A. MORAN, Judge, presiding.

Messrs. Swett, Haskell & Grosscup, for the appellant:

The facts in the record do not make out a case upon which a court should declare the trustee's deeds absolute on their face, to be mere mortgages.   *Sutphen* v. *Cushman,* 35 Ill. 193; *Strong* v. *Shea,* 83 id. 575; *Bartling* v. *Brasuhn et al.* 102 id. 441.

While a parol agreement to modify or rescind a preëxisting contract remains executory, the original contract subsists, the same as if no such subsequent agreement had been made. *Chapman* v. *McGrue,* 20 Ill. 101; 29 id. 277; 40 Maine, 162; 4 Greene, (Iowa,) 181.

The evidence shows that Warfield had no authority from the defendant to make the alleged contract.   Persons dealing with an agent acting under written authority are required to inquire into the extent of his authority.   19 Ill. 477; 34 id. 68; 57 id. 300; 86 id. 570.

Mr. Consider H. Willett, for the appellee:

Slee being indebted to the insurance company, and having an interest in the land, an oral contract to change the form of the security will be upheld in equity, and the new security being an absolute deed, may be shown to be a mortgage. *Purviance* v. *Holt,* 3 Gilm. 394; *Davis* v. *Hopkins,* 15 Ill. 510; *Williams* v. *Bishop,* id. 553; *Smith* v. *Cremer,* 71 id. 186; *Stevens* v. *Illinois Mutual Fire Ins. Co.* 43 id. 327; *Ross* v. *Sutherland,* 81 id. 275; *Union Mutual Life Ins. Co.* v. *White,* 106 id. 73; *Holton* v. *Meighen,* 15 Minn. 69; *Hicks* v. *Hicks,* 5 G. & J. 75; *Cole* v. *Bolard,* 22 Pa. St. 431; *Robinson* v. *Cropsey,* 2 Edw. 138; *Peugh* v. *Davis,* 96 U. S. 332; *Campbell* v. *Dearborn,* 109 Mass. 131.

Sale will be set aside, and a redemption allowed, if debtor is induced to rely on the promises of the creditor, and was thereby prevented from making redemption in the time limited.   *Schoonhoven* v. *Pratt,* 25 Ill. 457; *Reigard* v. *McNeil,* 38 Ill. 400; *Pensoneau* v. *Pulliam,* 47 id. 58.

While a promise to extend the time for redemption beyond the period named in the mortgage, if made after the time limited has passed, will have no effect, if not founded upon a legal and sufficient consideration, if made before such limited time expires, though without consideration, it will be enforced. 2 Jones on Mortgages, sec. 1053; *Chase* v. *McLellan*, 49 Maine, 375; *Ross* v. *Sutherland*, 81 Ill. 275; *Dodge* v. *Brewer*, 31 Mich. 227. See, also, *Davis* v. *Dresback*, 81 Ill. 393; *Stephens* v. *Illinois Mutual Life Ins. Co.* 43 id. 327.

Mr. Chief Justice Sheldon delivered the opinion of the Court:

This was a bill in equity to redeem from two trustee's sales of real estate in Chicago, made, respectively, on the 19th day of February, and the 24th day of March, 1879, under two separate trust deeds upon separate pieces of property, which had been given by the complainant to secure the payment of loans of money to him by the defendant insurance company.

The bill alleges that complainant having made default in the payment of interest on the loans, and taxes on the property, he, in April, 1877, turned over to the defendant the possession of the premises, the rents from which since then had been received by the defendant; that after the advertisement of the sale of the property under the trust deeds, and before the sale, complainant, with his attorney, made application to the defendant for an accounting of such rents, and demanded that the sales should not be made until after such accounting and an ascertainment of the amount due; that said accounting was promised, and after several interviews the demand that the sale should not be made was waived, and an agreement entered into whereby the property was all to be sold and bought in by the defendant, and held in trust for the complainant until an accounting could be had, whereupon, if it should appear that complainant was still owing

defendant any sum of money, a new consolidated loan for that sum was to be made to complainant upon all of the property on ten years' time, or less, at his election; that in pursuance of such arrangement all the property was sold at the times mentioned in the notices of sale, and was bought in by the agents of defendant. The bill further alleges that in violation of said agreement, the defendant, on the 22d day of July, 1879, caused to be entered against complainant, in the Superior Court of Cook county, a judgment by confession, for a pretended deficiency between the amount due on the loans and the amount of the bids at such sales, and upon execution issued, bought in certain other property than that described in said trust deeds, for the sum of $254, for which was issued a certificate of purchase. The circuit court, on hearing, decreed in favor of the complainant, and the defendant appealed.

The proof quite satisfactorily establishes that previous to the trustee's sales there was made such an arrangement, substantially, as that alleged in the bill, and showing the existence of such a state of facts that defendant, under the sales that were made, must be taken to hold the property purchased but as security for the payment of the sums of money mentioned in the trust deeds. There is really no attempt at denial, by the evidence, that the alleged arrangement which was testified to by complainant and his attorney, or at least some arrangement to the effect that the property was to be bid in by the company, and be held but as security for their mortgage debt, was in fact made with Mr. Warfield, the defendant's agent at Chicago for the collection of moneys loaned in this State, but it is denied that the agent had authority to make such an arrangement. The agent appears to have been acting under a written agreement between him and the company, as follows:

"The party of the first part (Warfield) hereby agrees with the party of the second part (the defendant) to act as its

agent at Chicago, for the collection of moneys loaned by it in the State of Illinois aforesaid, and have the general management of the affairs of said company in relation to its loans and securities therefor, according to such written instructions as shall be from time to time given to him by the said party of the second part, or its executive officers."

It is said that under this agency the arrangement agreed upon could have been made only under written instructions to make it, and none such are here shown. It does not appear that this written agreement was ever brought to the knowledge of the complainant or his attorney. Mr. Warfield himself testifies that he had general instructions to renew loans by making new papers at six per cent interest, provided the parties would pay one-twentieth of the principal sum every six months until the whole indebtedness was paid. It was testified to that at the first interview with Warfield upon the subject, he stated that he would communicate with the home office in regard to the proposition made, and that afterward, at a subsequent interview, he said he was ready to make the arrangement, and he did enter into the arrangement. We think, from all this, the complainant might very properly infer that Warfield had received the company's sanction for entering into the arrangement which he made, and that complainant was justified in his reliance upon the agent's authority to make it.

The court below found "that said trustee's deeds of Levi D. Boone (the trustee) to the defendant are, in equity, mortgages, and that the complainant, by reason of the premises, has a right to redeem under the said two original trust deeds, and the deeds of said Levi D. Boone to the defendant, computing the interest as provided for in said trust deeds until they were merged into the deeds of Levi D. Boone to the defendant, and from that time at a legal rate of interest." We are satisfied with the correctness of the decree in respect of the right of redemption, but think the decree incorrect in the

particular of allowing, in the computation of interest, only the legal rate of interest from the time of the making of the trustee's deeds to defendant. We are of opinion the stipulated rate of interest named in the trust deeds, and the notes they were given to secure, should have been computed uninterruptedly. There was no merger of the trust deeds and the notes they were given to secure in the trustee's deeds, which Boone, the trustee, executed to the defendant, so as to stop the running of the stipulated rate of interest. There was a mere change in the form of the security, and the property still remained in defendant's hands as a security for the indebtedness secured by the trust deeds, and the complainant had but the right of redemption upon the payment of such indebtedness according to its tenor and effect. The reduction of interest from the stipulated to the legal rate, could only be justified as in the enforcement of the specific performance of a contract to re-loan the money at that rate. But the claim or proceeding of complainant is not at all of that nature. The written declaration of complainant in the matter filed and recorded in the recorder's office of Cook county is, that the trustee's deed made to the defendant, although absolute in form, is but a mortgage to secure their mortgage debt, which the trust deeds were given to secure. The object of the bill is to redeem, it offering to pay whatever may be found to be due upon an accounting. The right of redemption is the claim which is made and asserted, and the condition of its allowance should be upon the payment of the mortgage debt in accordance with its terms.

For the error indicated in respect of the computation of interest the decree will be reversed, and the cause remanded for further proceedings in conformity with this opinion.

*Decree reversed.*