ELIZABETH KIRCHOFF

v.

THE UNION MUTUAL LIFE INSURANCE COMPANY.

*Trust Deeds—Foreclosure—Redemption as to Part in Conformity with Agreement.*

1. When a mortgagor has conveyed the mortgaged premises to the mortgagee it only operates as a bar to the equity of redemption, where it clearly and unequivocally appears that both parties so understood and intended it should.

2. When by the operation of law upon the facts, or by the agreement of the parties, a mortgage debt has been apportioned, and a part of it made the sole burden upon a part of the incumbered property, that part may be redeemed by paying the portion of the debt apportioned thereto.

3. Upon a bill filed to redeem certain property to which defendant acquired the legal title under a quit-claim deed from complainant and her husband, and under certain foreclosure proceedings under a trust deed to which complainant was a defendant, instituted prior to said quit claim deed, and carried to decree and sale subsequent thereto, it being contended by said complainant that her offer to release and quit claim to the defendant all her lands in said trust deed described, providing she might be allowed to redeem two lots included therein upon terms named, was agreed to by it, this court holds that said complainant is entitled to the benefit of such agreement, and that, upon the ascertainment of the amount due and the payment thereof within a time named, a conveyance to her of the premises in question must be made.

[Opinion filed October 28, 1889.]

IN ERROR to the Circuit Court of Cook County; the Hon.
MURRAY F. TULEY, Judge, presiding.

Messrs. W. S. HARBERT and GEORGE R. DALEY, for plaint-
iff in error.

The doctrine in this State is, that when a party induces
another to execute a conveyance to him by promising to con-
vey to a third person, he will be considered as holding the title
in trust for such third person; and we fail to see any distinc-
tion between such promise, and one to reconvey to the grantor.
Lantry v. Lantry, 51 Ill. 458; Fischbeck v. Gross, 112 Ill.
208.

Where one of the contracting parties has been induced or
allowed to alter his position on the faith of an oral contract,
within the statute of frauds, to such an extent that it would
be a fraud on the part of the other party to set up its inva-
lidity, equity will make the case an exception to the statute.
Reed on the Statute of Frauds, Sec. 553.

A conveyance by a husband and wife, passing her dower
and homestead rights, is sufficient part performance of a
verbal contract, that if she would so join in the deed, the
vendor would convey other land to her. Farwell v. Johns-
ton, 34 Mich. 343.

In Morrell v. Cooper, 65 Barb. 512, the parties, after a sale
to the mortgagee under a decree of foreclosure, entered into
a parol agreement by which the mortgagee was to reconvey
to the mortgagor upon payment of the indebtedness. Upon
the faith of this promise the mortgagor acquiesced in the
sale, and omitted to apply by motion to have it set aside.
*Held*, that to permit a party to avoid his agreement under
such circumstances would be allowing the statute of frauds to
be used as an instrument of fraud, instead of a shield against it.

The case of Beegle v. Wentz, 55 Pa. St. Rep. 369, is one
which we deem to be conclusive on this point. In that case
Beegle recovered judgment against Wentz, and levied upon
certain land belonging to the judgment debtor and upon which
he resided. Wentz claimed his exemptions under the statute.
Upon this a parol agreement was entered into between the

parties, by which it was agreed that the land should be sold by the sheriff and bid in by the creditor; and that upon consideration of the debtor waiving his exemptions, Beegle would reconvey to him a part of the premises. Beegle, upon obtaining title to the premises, refused to reconvey and brought ejectment. The defendant set up the parol contract, and the court held that the case was not within the statute of frauds. They say: "The distinguishing feature of the case is that the agreement of Wentz was not to acquire a new interest in the land by parol; but he was the owner of the land; had a title, both legal and equitable, and a right to retain so much of the land as would be of the value of $300. It was this subsisting title which Beegle procured Wentz to forego by his promise to leave him his house and fifteen acres, and make over to him the sheriff's deed for that part. This part he was not to take, but to hold in trust. His language was that he did not want to take their home from them; that he would give them a home of fifteen acres, provided Wentz would sign some agreement to let him sell the whole tract; and he would buy the land and give them a sheriff's deed for the fifteen acres. * * * The trust in such cases arises *ex maleficio* on the principle that equity will not permit one to deprive another of the title which he actually has, by such a promise, not intended to be performed. * * * Nor does it make any difference that the title was acquired by Beegle through a judicial sale. When the trust arises in a fraud, it vitiates all deeds, private or judicial." That case is cited approvingly by this court in Fischbeck v. Gross, *supra*.

Messrs. Swett, Grosscup & Wean, for defendant in error.

The alleged agreement, taken as stated, does not, in connection with all the facts of the transaction, confer upon the appellant a right to redeem.

In this State a mortgage or trust deed passes to the mortgagee the legal title in the premises as security for the debt, reserving to the mortgagor the right to defeat such legal title by the payment of the debt. Bispham's Eq., Sec. 151; Carroll

v. Ballance, 26 Ill. 9; Jackson v. Warren, 32 Ill. 331; Harper v. Eli, 70 Ill. 581.

The equity of redemption is the right which the mortgagor has in the land, upon his payment of the debt for which the mortgagor stood as security. Such right is not fastened upon land by any contract subsequent to the making of the mortgage, but is an estate, inhering in the mortgagor at the time of the making of the mortgage, and not defeated thereby. An equity of redemption, or the right to redeem, therefore, while it may be affected by some subsequent contracts, as for instance a contract extending the time within which it shall be exercised, is not created by contract. The fact that the appellant may have supposed herself acquiring, by her alleged agreement, the right to redeem, does not give her any such right. She could not, any more than a stranger, acquire the right to redeem by a contract with the appellee. The appellant's right to redemption, then and now, if any exists, arises from her estate in the land, and is subject to the conditions which the law uniformly imposes upon the exercise of that right, viz.: that the redemption extend to the whole tract by the payment of the whole debt. There can be no division of the tract, part of which shall be redeemed and part not redeemed, or division of the debt, part of which shall be paid, and part remain unpaid, and the payment must be in money. Jones on Mortgages, Secs. 1070, 1072.

These principles would be too familiar for repetition, but for the argument of counsel that the appellant is entitled to " redeem " a portion only of the mortgaged premises, upon the promise to pay a portion only of the debt. The argument amounts to the proposition that the conditions of redemption, fixed by law, may be changed by the parol contracts of the parties. It would follow that upon proof of a parol agreement to that effect, the mortgagor could redeem by the payment of an infinitesimal portion of the mortgage debt.

GARY, P. J.  The facts of this case as established by a preponderance of the evidence, are that in May, 1871, the insurance company loaned $60,000 to the complainant and plaintiff

in error and her husband, Julius Kirchoff, and her mother, Angela Diversy, upon their note secured by a trust deed conveying many parcels of land belonging to them in severalty, among which were lots 2 and 4 in block 21 of the Canal Trustees' subdivision of the south fractional quarter, Sec. 3, T. 39 N., R. 14, E. 3d P. M., which were the property of the complainant.

In 1878 there was default in payment. Reasons which are not very clearly shown by the record, led to negotiations which resulted in the conveyance by the mother of all her lands included in the deed, except forty acres which the company released to her, and by the complainant and her husband of all their lands included in the deed, which conveyances the company accepted in satisfaction of their debt. But as to a part of the transaction, it was agreed that the complainant might purchase from the company the two lots for $10,000, the terms for the payment of which are involved in considerable uncertainty, except that they were to extend over a period, probably of nine years, but which certainly has now elapsed, and the rate of interest was to be six per cent.

She filed her bill to have the benefit of this agreement. The bill was dismissed upon the hearing. As was said in Sargent v. Howe, 21 Ill. 148, the deed of trust in this case "only differs from a mortgage with power of sale in its being executed to a third person instead of the creditor," and therefore the dealings between the parties are within the rule applicable to mortgagors and mortgagees, "that the courts look upon their transactions with jealousy." 1 Jones Mtg., 711.

The evidence as to the agreement is by the testimony of Julius Kirchoff, E. A. Warfield, then general agent, and R. B. Kendall, then attorney of the company, and it was made between Julius Kirchoff, acting for the complainant, and Warfield, with some participation by Kendall, acting for the company.

The authority of Warfield to act for the company under circumstances as shown by this record, has been affirmed by the Supreme Court in the cases of this company v. White, 106 Ill. 67, and v. Slee, 110 Ill. 35. The testimony of Julius

Kirchoff, in regard to the agreement, is much weakened by the inconsistency of his conduct afterward, but it is so corroborated by Warfield and Kendall, that there is sufficient proof of the agreement. Before the conveyance to the company, it had commenced foreclosure proceedings, in which they sought to reform the description of part of the lands of Mrs. Diversy; she had answered, contesting it, and alleging a defense which, if successful, would have invalidated most, if not all, of the papers she had executed. The company understood, whether correctly or not is immaterial, that they could make no adjustment with her without the assent of the Kirchoffs. There were, therefore, considerations to induce the company to make the agreement, and that they did make it, is satisfactorily proved, and they have had from it all the benefit they proposed to obtain by it. The foreclosure proceedings went on after the conveyances, to cut off an intervening title, but with the agreement that it should not affect the agreement as to the lots described.

The company obtained deeds under the foreclosure in January, 1882, but refused to perform the agreement made by Warfield. As to the effect of this agreement, the rule in equity " once a mortgage, always a mortgage," applies.

As was said in Ennor v. Thompson, 46 Ill. 214: "When the mortgagor has conveyed the mortgaged premises to the mortgagee, it only operates as a bar to the equity of redemption, when it clearly and unequivocally appears that both parties so understood and intended it should." Here the contrary, as to the two lots, clearly and unequivocally appears. And it does not affect the complainant's right to redeem those lots, that as to the residue of the mortgaged property, there is no redemption, and that she proposes to pay but a small part of the original debt. When, by the operation of law upon the facts, or by the agreement of the parties, the debt has been apportioned, and a part of it made the sole burden upon a part of the incumbered property, that part may be redeemed by paying that part of the debt apportioned to the part redeemed. Meacham v. Steele, 93 Ill. 135; Mutual Mill Ins. Co. v. Gordon, 121 Ill. 366.

The complainant filed her bill to redeem in June, 1882. The lots she was to redeem and the principal sum she was to pay, as well as the rate of interest, are definitely fixed by the agreement.

The time at which the interest was to begin, and the amount and time of payment of the installments, are left uncertain. But this is not a bill for a specific performance. It is an appeal to a court of equity by the complainant that she may have her property restored to her upon the terms that she shall discharge the burden upon it, fixed in amount by agreement, and which, if that agreement had been executed and performed, would have been discharged in the time that has elapsed. She is now entitled to the benefit of that agreement, upon the terms that she, within a short time after the amount is ascertained, pay it. The decree is therefore reversed and the cause remanded to the Circuit Court with directions to that court to have an account taken of the amount due the company, crediting them with the principal sum of $10,000 and interest thereon at six per cent from September 10, 1879, the day of the delivery of the deed of the complainant and her husband to the company, together with whatever the company has paid for taxes, assessments, insurance, repairs and other expenses upon the property so far as the same may be found to have been reasonably necessary, and charging them with the rents and profits which they have, or by ordinary care and diligence ought to have received from the property, interest to be allowed upon the disbursements if not repaid by the rents and profits (but there is to be no compounding of interest), and when the amount due the company is ascertained, to enter a decree that upon the payment of that amount with interest thereon within ninety days thereafter, the company convey to her, and that in that event she recover her costs. But if she do not so pay, the bill to be dismissed at her costs. Bremer v. Canal & Dock Co., 127 Ill. 464.

*Reversed and remanded with directions.*

Garnett, J., does not concur in the conclusion reached.