# ALBERT G. STORY

## V.

## WARREN SPRINGER, IMPLEADED, ETC.

*Deed—Whether Intended as a Mortgage—Burden of Proof—Jurisdiction of Appellate Court—Freehold.*

1. This court affirms the decision of the court below, holding that the

evidence in the case at bar was insufficient to establish that the deed in evidence was intended by the parties as security for a loan.

2. The decision of the Supreme Court in Kirchoff v. Union M. L. Ins. Co., 128 Ill. 199, 133 Ill. 368, holding that an appeal in such case properly lies to this court, followed.

[Opinion filed January 14, 1892.]

APPEAL from the Superior Court of Cook, County; the Hon. HENRY M. SHEPARD, Judge, presiding.

Messrs. FAY & GRIGGS, for appellant.

Messrs. MILLER, STARR & LEMAN, for appellees.

GARY, J. In December, 1889, under instructions from James M. Allan, who, it may be assumed, was acting in the interest, and by the authority, of the appellant, and William T. Grower, who was the agent under parol authority of the appellee above named, James E. Monroe, attorney at law, prepared this paper :

" This agreement, made this fourteenth day of December, 1889, by and between Warren Springer, of the city of Chicago, Cook County, Illinois, party of the first part, and Eleanor A. Allan of the same place, party of the second part witnesseth as follows : Whereas the said party of the first part is the owner of the following lands in the said city of Chicago, to wit: Lots four (4), five (5) and six (6), except the north five feet of said lot four (4), in Sherman's subdivision of lots four (4) and five (5) and six (6), in block one (1) in Clark's addition to Chicago, with lot one (1) in block one (1), and the west half (½) of block two (2), in the Assessors' division of the southwest fractional quarter of section twenty-two (22) in township thirty-nine (39), north, range fourteen (14), east of the third (3rd) principal meridian, reference being hereby made to a map of said E. L. Sherman's subdivision, recorded on April 14th, 1855, in the recorder's office of Cook County, in book 85 of maps, at page 109.

" And whereas, the title to said land in said party of the first part is subject to the taxes and special assessments of 1889, and to unpaid water rents, and to a certain deed of trust dated October 8th, 1889, made by Albert G. Story and his wife, and said party of the second part and her husband, conveying said lands to Edwin F. Bayley, trustee, to secure four notes made by the grantors in said deed of trust, of even date therewith, for $5,000 each, payable to the order of John Cochrane, on or before five years from date, with interest at the rate of six per cent per annum, payable semi-annually.

"Now therefore, it is agreed between the parties hereto, that in consideration of the sum of fifty dollars, this day paid by the said party of the second part to the said party of the first part, the said party of the first part shall and will, in case the said party of the second part shall, within six months from the date thereof, pay to the said party of the first part the full sum of seven thousand ($7,000) dollars in addition to the aforesaid sum of fifty dollars, quit-claim, and release to the said party of the second part all interest in the above described lands expressly subject to all taxes, special assessments and water rents, now or at the time of such conveyance resting upon the said lands and to the said deed of trust and all of the principal and interest and other charges therein provided for.

" It is further agreed by and between the parties hereto that time shall be of the essence of this agreement and of all of the provisions thereof, and that in case the said party of the second part shall fail, from whatever cause, to pay to the said party of the first part the full sum of $7,000 aforesaid, within the period of six months from the date of this agreement, then, and in such case, all the right and interest of the said party of the second part, under this agreement, and in and to said lands, and every part thereof, shall absolutely cease and determine without any demand or notice whatever, and without any return of the said sum of fifty dollars or any part thereof to said party of the second part.

"This agreement shall remain in the hands of James E. Monroe, of the city of Chicago, until performed within said period .

of six months, or until default made in the performance thereof by said party of the second part, and it shall not be recorded in any public office, and in case said party of the second part shall not pay said sum of $7,000 within the time above limited, in that behalf, then this agreement shall be delivered by the said Monroe for cancellation to said party of the first part.

In witness thereof the said parties hereto have hereunto set their hands and seals the day and year first above written.

(Signed)  ELLEANOR A. ALLAN,    [Seal.]
(Signed)  JAMES M. ALLAN.        [Seal.]"

It is assumed that the name of Mrs. Allan was used to rep-resent the interest of the appellant, and that the signing by James M. Allan was a blunder.

The appellee refused to sign it when it was presented to him. In fact, he had no interest in the property when the paper was prepared. It belonged to one Cochrane, with whom a contract for the purchase had been made upon which several thousand dollars had been paid, the benefit of which contract belonged then to the appellant.

A further installment was soon to become due upon it, in default of payment of which the contract would or could be forfeited. Mrs. Allan is a daughter of the appellant, and her husband was his agent.

Allan applied to the appellee for a loan to meet the installment. The result of the application, after much negotiation unnecessary to detail, was, that the appellee advanced $3,750, of which $3,030 went to Cochrane, and $720 was used by Allan otherwise. As part of the transaction the title was vested in the appellee through deeds from Cochrane to appellant, and appellant to appellee. The controversy now is one of fact. Was that advance a loan, or one of obligation of the parties measured only by the words in that paper, assuming that the appellee was bound by it?

The object of the bill filed by appellant is to turn the latter deed into a mortgage. That upon sufficient proof that may be done, is such familiar law, that there is no controversy between the parties about it, and it would be mere parade to cite any of the numerous cases of this State alone. But the burden of proof is upon the party alleging a mortgage.

Upon the conflicting evidence the court below has decided that it is not proved that the deed was security for a loan. We will not collate the evidence.   We agree with the court below as to the result, and a review of the evidence would not profit anybody.

The bill is not framed with a view to any relief upon the language of the paper, so that the question is not before us as to the effect of the refusal of the appellee to sign it, a circumstance which seems not to have been known to the appellant, or any one in his interest, until it was divulged on the hearing of this case.

The appellee questions the jurisdiction of this appeal to this court, on the ground that a freehold is involved.   It does not differ in that feature from the case of Kirchoff v. Union M. L. Ins. Co., the appeal in which was dismissed by the Supreme Court in 128 Ill. 199, because it belonged here, and which was afterward decided by this court in 33 Ill. App. 607, and our decision affirmed by the Supreme Court in 133 Ill. 368. The decree is affirmed.

*Decree affirmed.*