# CHICAGO & CALUMET ROLLING MILL COMPANY
## v.
## DANIEL B. SCULLY.

*Real Property—Title Held in Trust—To Be Transferred to* Cestui que
Trust *on Repayment of Expenses—Form of Decree.*

In the case presented, it being established that appellee had taken title to
land in trust for appellant, under an agreement to transfer the title to it on
payment of his expenses within a reasonable time, which time had long
since ελapsed, this court holds as correct, a decree ordering appellant to
pay the expenses incurred by appellee by a time fixed, otherwise appellee's
title to become absolute, a sale being unnecessary.

[Opinion filed February 9, 1892.]

APPEAL from the Superior Court of Cook County; the
Hon. KIRK HAWES, Judge, presiding.

The decree in this case finds that appellee holds the title to
certain premises in trust for appellant; it also finds that appel-
lee took such title under an agreement with appellant, the
intent and meaning of which was that it should pay him the
sums he paid in acquiring such title within a reasonable time,
and that such reasonable time has long since elapsed. The
court therefore ordered that appellant pay such sums so paid,
with interest thereon, by March 2, 1891, and that thereupon
appellee convey the said premises to appellant, and that in
default of such payment the title of appellee to the said prem-
ises become absolute. Appellant objects to that portion of the
decree which fixes the amount it is to pay, insisting that the
sum of $19,280 is improperly included therein; and appellant
also insists that in default of payment the court should have
ordered the premises sold, leaving in appellant the statutory
right of redemption.

Messrs. KNIGHT & BROWN, for appellant.

Mr. ARNOLD TRIPP, for appellee.

WATERMAN, P. J. In reference to the amount to be paid

by appellant, it is unnecessary to say more than that as that part of the decree depends entirely upon the view that is to be taken of the facts of the case, we see no reason for interfering with the conclusions of the chancellor in that regard.

As to the order that the sum fixed should be paid by March, 1891, and that in default thereof the title of appellee become absolute, that portion of the decree is based upon the evidence and the finding in substance that all the money for the conveyance under which appellee obtained title to the property in question, and under which appellant derives all its rights in and to such property, was paid by appellee. Save for the payments made by appellee, appellant never had any title to these premises. The case is not, therefore, one in which appellant has pledged something to secure its promise to pay, but is rather one where it induced appellee to pay for and take title to property, giving to it an opportunity within a reasonable time to acquire from him the title he had. Appellee did not go into court asking to have a mortgage foreclosed; on the contrary appellant sought to enforce what it insisted and now insists, was its right to pay for and take title to a piece of property. By what rule of equity, this price being long since due, is appellant entitled to have the property sold and appellant have twelve months more in which to determine whether it will take the property? Admitting. as is insisted, that Scully was a mortgagee, the practice is not as is contended, that a sale must be ordered.

Upon a bill filed by a mortgagor to redeem, there should not be any order of sale; the decree for the complainant in such case is that he pay within a short time, fixed by the court, and that in default thereof, his bill be dismissed. 2 Daniell's Ch. Pr. 644; Jones on Mortgages, Sec. 1106; 2 Barbour's Ch. Pr. 199; Bremer et al. v. Calumet Dock Co., 127 Ill. 464; Decker v. Patton, 120 Ill. 464; Pilmon v. Thornton, 66 Me. 469. The form of decree entered in this case has been approved in Bremer et al. v. Canal & Dock Co., *supra*, and in Kirchoff v. Union Mut. Life Ins. Co., 33 Ill. App. 607–613, which last mentioned case was affirmed in 133 Ill. 368–381. The decree of the Superior Court is affirmed.

*Decree affirmed.*