## Le Grand Odell v. Robert Bell.

1. EQUITY PRACTICE—*Evidence and Relief Must Follow the Pleadings.*—A plaintiff can not file a bill upon one state of facts, and have relief upon another and different state of facts.

2. DEEDS—*Executed as Security—Equity may Grant Relief.*—A court of equity will relieve against a deed shown to have been given as security for a debt, upon payment of the debt.

Odell v. Bell.

Bill, for relief. Appeal from the Superior Court of Cook County; the Hon. THEODORE BRENTANO, Judge, presiding. Heard in this court at the October term, 1896. Reversed with directions. Opinion filed at the October term, 1896.

LOUIS KISTLER, attorney for appellant; GEORGE G. BELLOWS, of counsel.

ELA, GROVER & GRAVES, attorneys for appellee.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The bill in this case was filed by the appellee to redeem —as from a mortgage—from a quit-claim deed, executed by the appellee to the appellant, September 4, 1877, as further security for the same debt, after a note and trust deed upon the same premises, given by the appellee to the appellant, January 20, 1877, for $460, payable in four months thereafter, with interest at ten per cent per annum.

The decree gives relief upon the assumption that the deed was further security for the debt secured by the trust deed, but that the appellee was deceived by the appellant so that the appellee gave the trust deed for $460, when it should have been but for $100, and so holds that the appellee was responsible for only $100 principal.

By so holding, the result is reached that the appellant has been more than paid—principal, interest and all taxes and assessments that he had paid, by the receipt of $590 for insurance upon a house burned upon the premises.

He was not paid quite in full at the time he received the money for the insurance, if the debt was really $460, and he has paid taxes and assessments since. Now the appellee can not file a bill upon one state of facts, and have relief upon another. Morgan v. Smith, 11 Ill. 194, has never been departed from.

We agree with the Superior Court, that the evidence proves that the deed of September 4, 1877, should be treated as a mortgage, but as a mortgage securing the $460.

There is no sufficient evidence that any fraud was practiced when the appellee gave the trust deed. His letters in

the record show him to have been an intelligent, sprightly man, and how much or little he ever went to school—as recited in the decree—is nothing to the purpose.

The decree is reversed, with directions, that if the parties do not agree upon the items, which we expect they will do, the court cause an account to be taken by a master of the amount due to the appellee as upon a redemption from the trust deed, according to the terms of the note thereby secured, and enter a decree that upon payment, within ninety days thereafter, of the amount found to be due, with interest at the rate of five per cent per annum from the date when found, to the time of payment by the appellee to the appellant or his solicitors, the appellant convey the premises to the appellee, and pay the costs in that court. But if the appellee do not so pay, the bill be dismissed at the costs of the appellee. Kirchoff v. Union Mutual Life Ins. Co., 33 Ill. App. 607; 133 Ill. 368.

Reversed, with directions.