# Union Mutual Life Ins. Co. v. Kirchoff.

51   67
149s 536
51   67
64   589
51   67
93   1345

1. Res Adjudicata—*Former Decisions in the Same Case.*—What has been decided by the Appellate Court on a former appeal, can not be reversed on a subsequent appeal in the same case.

**Memorandum.**—Appeal from the Circuit Court of Cook County; the Hon. MURRAY F. TULEY, Judge, presiding. Heard in this court at the March term, 1893, and affirmed. Opinion filed August 4, 1893.

The opinion states the case.

FRANK L. WEAN, attorney for appellant.

HARBERT & DALEY, attorneys for appellee.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

On a former appeal this case is reported in 33 Ill. App. 607 and 133 Ill. 368. What was then decided can not now be reversed, and the reasons then given for such decisions, are on this appeal, the law of the case. Dilworth v. Curtis, 139 Ill. 508, and cases there cited, are but a few among many. We shall therefore omit any reference to matters of defense by the appellant, which if valid, existed before the first appeal. If we made a mistake, in which the Supreme Court concurred, or if better arguments can be now made for the appellant than were then made, the result can not be changed. The only question not open is upon the account as taken.

The appellant claims title under a tax deed, but as it acquired that title before the first hearing below, and even yet has never set it up in answer as a bar, its validity need not be considered.

On the last hearing the court found, and the evidence supports the finding, that the agreement under which the appellee is entitled to relief was made in August, 1878, and therefore in the account allowed to the appellant disbursements after that month. The appellee assigned that as a cross-error. Such allowance is somewhat inconsistent with the interest not beginning until September 10, 1879, but it is now too late to say that such interest should have begun a year earlier, as that date was fixed on the former appeal.

The appellant was not bound to do more than release the title to the appellee upon payment; all charges upon the land for taxes, etc., were her burden from the time the

agreement was made. As the appellant was not to covenant against anything, she was to take the land as it was.

It follows that everything paid by the appellant, after the agreement was made, in discharge of burdens upon the land, should be allowed to it in the account. But whatever the appellant had paid before the agreement was made ought not to be, and was not, allowed.

The $10,000 was the price to the appellant of the interest of the appellant in the land as circumstances then were; that interest to be protected by the subsequent quit claim deed and the foreclosure.

The effect of the agreement between the parties as it was found to be, both by this court and the Supreme Court, was to apportion, of the total amount to which the appellant was entitled at the time the agreement was made, the sum of $10,000, as the part to be paid in redemption of the land in controversy. There is no error and the decree is affirmed.