## Solomon Meissler v. Naomi Meissler.

1. CHANCERY PRACTICE—*A Party Wishing to Challenge a Decree Must Preserve the Evidence.*—Where a party wishes to challenge the findings of a decree as to the existence of an adverse lien upon property claimed by him he must preserve the evidence upon that point in the record.

2. RECEIVERS—*Appointment of Interested Parties.*—Unless under special circumstances, as in partnership cases in some instances, a party to the cause will not ordinarily be appointed a receiver without the consent of the other party. While as a general rule, a party in interest should not be appointed receiver, there are exceptions.

**Bill for Relief.**—Error to the Circuit Court of Cook County; the Hon. EDWARD F. DUNNE, Judge, presiding. Heard in this court at the October term, 1900. Affirmed in part and reversed in part. Opinion filed April 8, 1901. Rehearing denied.

**Statement.**—Plaintiff in error filed a bill against defendant in error and Samuel Glickman, alleging the fraudulent procurement of the execution by complainant and defendant to Glickman of a quit-claim deed of certain real property described in the bill, and the execution by Glickman, on the same day, of a conveyance of the premises to the defendant, Naomi Meissler, complainant's wife. Defendant, Naomi Meissler, answered, denying the fraud alleged in the bill, and averring that, after the execution of the deeds and relying thereon, she borrowed $2,000 and invested it in the premises, and by her personal efforts reduced incumbrances on the premises from $33,000 to $18,000; that for some years she had been supporting herself and five children, the oldest of whom was sixteen and the youngest four years of age, and that by reason of certain divorce proceedings complainant and herself were much embittered toward each other, and if the title were held by both there would be constant disagreements; that she has always had charge of the premises, and should be repaid $1,000 in case she should be required to reconvey, and should be appointed receiver and receive not less than $50 per month for her and her children's support.

Glickman also answered and replications were filed.    Defendant, Naomi, filed a cross-bill, alleging her ownership of the premises and setting forth *in haec verba* an affidavit of the complainant, recorded in the office of the recorder of deeds of Cook county, February 21, 1899, stating, among other things, that he and cross-complainant were the joint owners of the premises, subject to certain incumbrances by them created, etc.    Cross-bill prayed that cross-complainant be decreed to have title, etc.    Plaintiff in error answered the cross-bill and a replication was filed.    The decree, after reciting a hearing on the pleadings, " and upon testimony and proof submitted in open court," finds all the material allegations of the bill proven; that the deed from the complainant and his wife to Glickman was obtained by fraudulent and unfair means; that the deed from Glickman to defendant, Naomi Meissler, was obtained for the purpose of carrying out a conspiracy between her and Glickman to deprive the complainant of his interest in the premises, and without consideration; that defendant, Naomi Meissler, is the owner of an undivided half of the premises, and borrowed $2,000, which was used to reduce a mortgage on the premises, and that it is equitable that she should be repaid $1,000; and that a lien for said amount shall be reserved to her.

The ordering part of the decree is, in substance, as follows :

" Therefore, ordered, adjudged and decreed, that said deeds be, and the same are, hereby declared null and void, and set aside, and said Naomi Meissler is required within one day to execute, acknowledge and deliver in due form of law to said complainant a quit-claim deed conveying to said Solomon S. Meissler an undivided one-half of said premises. In default thereof that a special commissioner appointed by said decree execute such deed; that Naomi Meissler have a lien for $1,000 on the property, with interest at five per cent, which shall be paid before complainant shall be entitled to any rents from said premises; that she be appointed receiver without bond of said premises; have power to collect all rents therefrom; to keep said premises in repair; and she may deduct from said rents the sum of $50 per month

for her services as such receiver and for the support and maintenance of herself and her children; that complainant may occupy one flat without charge."

The transcript is certified to be *per præcipe*, and contains no evidence.

BLUM, BLUM & ROTHSCHILD, attorneys for plaintiff in error.

O'DONNELL & BRADY and BEACH & BEACH, attorneys for defendant in error.

MR. PRESIDING JUSTICE ADAMS delivered the opinion of the court.

The contentions of counsel for plaintiff in error are, that so much of the decree as reserves a lien to defendant in error is erroneous, and that the appointment of defendant in error receiver, and the allowance to her of $50 per month, are erroneous.

The question as to the lien is not argued by counsel for plaintiff in error, nor is it pointed out in what the error, if any, consists, and therefore the objection might be deemed waived. However, in view of the fact that defendant in error is the owner of an undivided half of the premises, and had expended $2,000 in lessening the incumbrances, and prayed in her cross-bill for general relief, and the allegation in the bill of defendant in error that the incumbrances were jointly created by the parties, which allegation the court finds proven, we can not sustain the objection that the lien was improperly reserved. The allowance of the lien is warranted by the pleadings and the findings of the court, and plaintiff in error not having preserved the evidence is not in a position to question the order reserving the lien. University of Ill. v. Globe Bank, 185 Ill. 514, 525; McIntosh v. Saunders, 68 Ib. 128.

It is objected that, defendant in error being a party in interest, her appointment as receiver was improper; but counsel say they do not care to urge this objection. While as a general rule a party in interest should not be appointed receiver, there are exceptions to the rule. High says:

" Unless under special circumstances, as in partnership cases in some instances, a party to the cause will not ordinarily be appointed, without the consent of the other party." High on Receivers, Sec. 70; see also Iroquois Furnace Co. v. Kimbark, 85 Ill. App. 399.

In the present case defendant in error was an owner of an undivided half of the premises and in possession. The bill of plaintiff in error was to set aside certain deeds on the ground that their execution was fraudulently procured, and the sole contest between the parties was as to whether the deeds were so procured. The only mention in the pleadings as to an allowance to defendant in error, is in her answer, wherein, after averring the number and ages of her children and that she was supporting them, she claims that she should be appointed receiver, etc., and receive not less than $50 per month for her support and that of her children. The decree, after appointing her receiver, provides " that the said Naomi Meissler may deduct from the rents and income of said premises the sum of $50 per month for her services as such receiver, and for the expenses, support and maintenance of herself and her said children." This language plainly allows the sum of $50 per month partly for contemplated services as receiver and partly for the support of defendant in error and her children. The defendant in error was appointed receiver by the same order which fixed her allowance, so that at the time she was appointed she had performed no services as receiver. We know of no precedent for such practice. The usual way of fixing the compensation of a receiver is to refer the cause to a master to ascertain the services performed and report as to the compensation to which the receiver is entitled (3 Daniell's Ch. Pr., Secs. 2277 and 2352), or for the court, on hearing evidence in open court of the services performed, to fix the compensation. The amount of compensation is not, in general, fixed till the passing of the receiver's first account. 2 Ib., Sec. 1745. Obviously the compensation of a receiver for services as such can not be fixed until he has performed some services. As before stated, the object of the bill in this case was to obtain a decree setting aside two deeds,

and there is nothing in the pleadings to sustain a decree allowing defendant in error anything for the support of herself and children.

The decree will be affirmed except as to so much thereof as orders "that the said Naomi Meissler may deduct from the rents and income of said premises the sum of $50 per month for her services as such receiver, and for the expenses, support and maintenance of herself and her said children," and the said part of said decree will be reversed, each party to pay such party's costs of this court.

Affirmed in part and reversed in part.