### Solomon S. Meissler v. Naomi Meissler.

1. RECEIVERS—*Where his Compensation Must be Left to the Discretion of the Chancellor.*—Where a receiver is a party to the suit and a co-tenant of the adverse party, the general rule seems to be against the allowance of any compensation for his services; but when the appointment is made without determining that the service shall be without compensation, the question as to whether an allowance shall be made for his compensation, is generally left to the discretion of the chancellor and is to be controlled by circumstances of each particular case.

**Bill to Set Aside Deeds of Real Estate.**—Error to the Circuit Court of Cook County; the Hon. EDWARD F. DUNNE, Judge, presiding. Heard in this court at the October term, 1901. Order modified. Opinion filed March 20, 1902.

BLUM & BLUM, attorneys for plaintiff in error.

O'DONNELL & BRADY, attorneys for defendant in error.

MR. PRESIDING JUSTICE WINDES delivered the opinion of the court.

On a bill filed by plaintiff in error against his wife, the defendant in error, to set aside certain deeds of real estate in Chicago, which conveyed the title thereto of the former's undivided one-half interest therein to the latter, the chan-

Meissler v. Meissler.

cellor entered a decree as asked, subject, however, to a lien of $1,000 and interest, in favor of defendant in error. The title was thus vested in said parties as tenants in common, each of an undivided one-half. The decree also provided that said lien should be paid from the rents of said premises before plaintiff in error should be entitled to any rents therefrom, and that defendant in error be appointed receiver without bond, of said premises, with power to collect all rents therefrom; to keep said premises in repair, and she may deduct from said rents the sum of $50 per month for her services as such receiver and for the support and maintenance of herself and her children; that complainant may occupy one flat without charge.

On appeal to this court at a former term the decree was affirmed except as to the allowance of $50 to defendant in error as receiver, as to which the decree was reversed. (94 Ill. App. 396.)

Afterward defendant in error, as shown by the certificate of evidence, moved the court to fix her compensation as receiver, on which there was a hearing upon evidence taken in open court, and the chancellor entered an order which recites that "the cause came on to be heard upon the motion of receiver for an order to fix her compensation as receiver and as janitor of said premises, and the court having heard the evidence and arguments, allows her as such receiver and janitor, from the time of her appointment until the present time, the sum of $50 per month, to be deducted from the rent collected."

To review this order this writ of error was sued out.

The first claim of counsel for plaintiff in error, viz., that it was error to appoint a receiver, must be held against them. The former appeal is *res adjudicata* as to this court on that question. Union Nat. Bank v. Post, 93 Ill. App. 339–45, and cases cited.

Another and the principal contention of counsel, viz., that because the receiver is a party to the cause and a co-tenant of plaintiff in error she should not be allowed any compensation, presents a question of no small difficulty.

The general rule in such cases seems to be against the allowance of any compensation, but when the appointment is made without determining that the service shall be without compensation, whether an allowance shall be made or not, is generally left to the discretion of the chancellor, and is to be controlled by the circumstances of each particular case. Lewis v. Moffett, 11 Ill. 392; Freeman on Co-tenancy (2d Ed.), Sec. 260; Brien v. Harriman, 1 Tenn. Ch. 467; Todd v. Rich, 2 Id. 107; High on Receivers, Secs. 70, 785, 794 and 795; Beach on Receivers, Secs. 27, 583 and 758; 20 Am. & E. Ency. of Law, 173, 179, notes, and cases cited; Allen v. Lloyd, 12 Ch. Div. 447–51; Newport v. Bury, 23 Beavan, 30; Johnson v. Garrett, 23 Minn. 565.

In the section cited from Mr. Freeman, *supra*, it is stated in substance that there can be no liability of one co-tenant to another for services in caring for the common property unless it is based upon an agreement, or circumstances from which can be inferred an understanding that services rendered by one should be paid for by the other. The author also says that the law as to co-tenancy in this respect is the same as that of partnership. To like effect is the Lewis case, *supra*. We think, however, that this was said with reference to such parties in their private relations to each other, and would have no application to a receiver acting as an officer of the court.

It having already been held in this case, in effect, that the appointment of the appellee as receiver was not improper, and there being no determination at the time that her services should be rendered without compensation, we are of opinion that, notwithstanding certain adjudications to the contrary, especially the Tennessee cases referred to, *supra*, it was also a matter within the discretion of the court as to what allowance should be made to her as receiver, and if the evidence in the case sustains the chancellor's order as to the amount allowed, then it should be affirmed or modified according as the evidence seems to justify.

Mr. High in his work on Receivers, in the sections cited *supra*, recognizes the general rule as above stated, and in

section 783 it is said : " In this country, as in England, no established rule has been fixed for determining the amount of compensation to be allowed receivers, and it is, from the nature of the case, quite impracticable to establish an inflexible rule," and that the compensation is usually determined according to the circumstances of the particular case. In section 794 the author says that the practice in the Irish Court of Chancery is, that if the court in appointing a receiver does not intend that he shall receive any compensation, the order should so provide, and if it does not, he is entitled to his compensation as matter of justice.

In Beach on Receivers, section 758, the author says that in some jurisdictions the amount of the receiver's compensation is held to be a matter wholly within the discretion of the court, and lays it down as a general proposition that in the absence of legislation, the receiver being an officer of the court, it has the right to determine the amount of his compensation.    That, we think, is the rule, and sustained by the general practice in courts of chancery as well as by the adjudicated cases in this State, subject, however, to the modification that the discretion of the chancellor may be reviewed.

In the Johnson case, *supra*, which was an action for the dissolution and winding up of a partnership, it was held that where the appointment of a receiver benefits equally all the parties, they should, as a general rule, share the expense equally.

In the case of Newport, *supra*, the English Chancery Court, in a case where it appeared to be for the benefit of the estate generally that a receiver should be appointed, allowed compensation to the receiver, who was a party to the cause and interested in the estate.

In this case it appears that the receivership was in the interest of both parties to the cause, and it was necessary that the property be cared for.   It seems to us that no better person for a receiver, considering all the circumstances of the case, could have been selected than the appellee, and it seems just and equitable that she be allowed a reasonable compensation.

We think the claim that because the receiver is the wife of plaintiff, and by reason of the provision of the statute of this State (Ch. 68, Sec. 8, which provides that "neither husband nor wife shall be entitled to recover any compensation for any labor performed or services rendered for the other, whether in the management of property or otherwise,") she should have no compensation, is not tenable. The statute, in our opinion, has no application here, but contemplates claims of husband or wife when acting in a private capacity—not for the court, as here.

It is also said there is a total lack of evidence as to the value of her services. We think not, though the evidence is not sufficient to justify the allowance made by the chancellor. In substance, the evidence shows that the receiver cared for the building on the real estate involved in the litigation, and did her own janitor work, which was to take care of the halls, stairways and basement, and heat the latter. The building had twenty-four flats and two stores, all of which were rented. The rents of the different tenants ranged from $8 to $18 per month, though there is no evidence as to how much rent was collected each month. The whole building was occupied, one flat of six rooms being used by the receiver and her children. Each tenant heated his own apartment and the basement was heated by five stoves. It was agreed that five per cent of the rents was a proper compensation for their collection. About $300 per month would be the income from rents if the tenants averaged $13 per month. Considering the fact that the receiver occupied one flat of six rooms free of rent, we think the additional allowance of $50 per month to her is not justified by the evidence. The order of the chancellor will be modified by making her allowance $30 per month instead of $50. In all other respects it is affirmed. The appellant will recover his costs in this court. Order modified.